IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 CR 650 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| JEROME MURRAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Bertell McKenzie, Catherine Fauntleroy and a number of others were indicted on a variety of drug charges. The case is before the Court for resolution of McKenzie's motion for severance and a speedy trial and Fauntleroy's motions for a bill of particulars and severance. For the reasons set forth below, the motions are denied.

## Motions for Severance

McKenzie and Fauntleroy ask the Court to sever their trials from that of their co-defendants. Federal Rule of Criminal Procedure 14 permits the court to sever a defendant's trial if the "consolidation [of the defendants] for trial appears to prejudice a defendant or the government." FED. R. CR. P. 14(a). However, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). McKenzie and Fauntleroy argue that their trials should be severed

because there is a danger that the jury will improperly impute guilt to them simply because of the volume of evidence against their co-defendants.

While the indictment and complaint suggest that the evidence against McKenzie and Fauntleroy is less substantial than the evidence against their co-defendants, a simple disparity of evidence does not mandate severance. *United States v. Studley*, 892 F.2d 518, 524 (7th Cir. 1989). Moreover, severance is not otherwise warranted in this case. McKenzie and Fauntleroy are charged with being part of a drug conspiracy. To prove its case against them, the government will have to present much of the same evidence that it will introduce against their co-defendants. Thus, trying McKenzie and Fauntleroy separately would be a waste of the Court and the government's resources.

Such inefficiency, however, is irrelevant if a joint trial will prejudice either defendant. The Court is not persuaded that it will. Any danger that evidence pertaining to McKenzie and Fauntleroy's co-defendants will spill over to them or confuse the jury can be cured with appropriate limiting instructions. *Zafiro*, 506 at 539 (noting that "limiting instructions, often will suffice to cure any risk of prejudice"); *United States v. Alexander*, 135 F.3d 470, 478 (7th Cir. 1998) ("We have consistently held that . . . a[] [limiting] instruction provides an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence.") (quotation omitted). Because the Court has no reason to believe that a properly instructed jury will allow its judgment of McKenzie and Fauntleroy to be improperly influenced by the evidence against their co-defendants, evidentiary disparity is not a basis for severing their trials.

Nor, as McKenzie contends, is the fact that the joint trial is not scheduled to take place until January 2007. The Speedy Trial Act excludes a reasonable delay from the seventy-day indictment-to-trial period "when [a] defendant is joined for trial with a codefendant as to whom the time for trial

2

has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Such is the case here. The defendants are all charged with having participated in a single conspiracy. Thus, it is appropriate to charge and try them together. *See* FED. R. CRIM. P. 8(b). Moreover, preparing for trial will take some time. This case involves multiple defendants who are charged with twenty-seven criminal violations stemming from an alleged conspiracy that lasted for more than three years. Under the circumstances, a six-month delay for trial preparation is wholly reasonable and, therefore, excludable under 18 U.S.C. § 3161(h)(7). Because McKenzie's right to a speedy trial will not be jeopardized by trying him with his co-defendants, that right is not the basis for granting his severance motion.

## Bill of Particulars

Fauntleroy also requests a bill of particulars. She is entitled to a bill of particulars only if the indictment does not provide sufficient information to enable her to prepare for trial, and the information she requires cannot be obtained some other way. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).

The indictment charges Fauntleroy with conspiracy to possess and distribute drugs, (Count One), being a felon in possession of a firearm (Count Nine), and using a communication facility to facilitate the commission of a drug felony (Counts Twenty and Twenty-One). The indictment alleges that between 2002 and July 19, 2005, Fauntleroy, her co-defendants and others conspired to possess with the intent to distribute cocaine, crack cocaine, heroin and marijuana. (Indictment at 1-2.) It also alleges that Fauntleroy assisted her husband, co-defendant Jerome Murray, with his drug trafficking business by, among other things, storing cocaine for him. (*Id.* at 3.) The indictment further says that

3

Fauntleroy: (1) carried a firearm for protection as part of the conspiracy (*id.* at 3-4); (2) was a felon in possession of two firearms, a Llama Mimimax 40SW bearing serial number 71-04-07381-00 and a Ruger super Red Hawk .44 caliber bearing serial number 441-35124, on July 19, 2005 in Crete, Illinois (*id.* at 12); and (3) knowingly and intentionally used a telephone on December 16, 2004 at 4:30 p.m. and on January 7, 2005 at 5:02 p.m. in Chicago to further the conspiracy (*id.* at 23-24). Those allegations sufficiently apprise Fauntleroy of the charges leveled against her. Her motion for a bill of particulars is, therefore, denied.[1]

## Conclusion

For the reasons set forth above, McKenzie's motion for severance and a speedy trial and Fauntleroy's motions for severance and a bill of particulars [doc. nos. 304, 305 & 312] are denied.

**SO ORDERED.**                        **ENTERED:**

AUG 2 4 2006

**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[1] Even if the indictment did not contain sufficient information, the government's "open-file" discovery policy in this case would obviate the need for a bill of particulars. *See Canino*, 949 F.2d at 949 (stating that "the 'open-file' policy is an adequate . . . form of information retrieval, making the bill of particulars unnecessary" (quotation omitted).)

4